# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| WILLIAM E DEWERT, | ) |
|     Plaintiff, | ) |
| | )   CAUSE NO.: 1:14-CV-147-TLS |
| v. | ) |
| DWIGHT S SPEAKMAN, | ) |
|     Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court because the Plaintiff, William E Dewert, filed a "Petition for Temporary Injunction" [ECF No. 1] and a Motion for Leave to Proceed In Forma Pauperis [ECF No. 2]. The Court construes the "Petition for Temporary Injunction" as a Motion for a Temporary Restraining Order. Federal Rule of Civil Procedure 65 governs the filing of injunctions and restraining orders. Specifically, Rule 65(b)(1) states the following:

> ***Issuing Without Notice.*** The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The Plaintiff filed a document titled a "Petition For Temporary Injunction" that was less than one page in length, and he also filed a petition to proceed in forma pauperis. Notably, the Plaintiff did not file a complaint in this matter. Rule 65(b)(1)(A) requires that specific facts be set forth in an "affidavit or a verified complaint" that clearly show "irreparable injury, loss, or damage." The Plaintiff has not submitted an affidavit or a verified complaint meeting the

requirements of Federal Rule of Civil Procedure 8.[1] *See also* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). The Court construes pro se filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But even construing these filings liberally, the Plaintiff's filing simply does not meet the requirements for obtaining a temporary restraining order.

Therefore, the Plaintiff's Petition for Temporary Injunction [ECF No. 1] is DENIED WITHOUT PREJUDICE. Because no complaint has been filed in this case, the Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 2] is DENIED as MOOT. The Plaintiff may, within 21 days of this Order, file a Complaint under this case number, refile a Motion for a Temporary Restraining Order, and refile a Motion to Proceed In Forma Pauperis. Failure to file further submissions with the Court within 21 days will result in the termination of this cause.

SO ORDERED on May 15, 2014.

   s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[1] Federal Rule of Civil Procedure 8(a) reads as follows:

> (A) **Claim for Relief.** A pleading that states a claim for relief must contain:
>
> > (**1**) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> >
> > (**2**) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> >
> > (**3**) a demand for the relief sought, which may include relief in the alternative or different types of relief.